**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| ALBEMARLE CORPORATION, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 1:23-cv-600 |
| OLIN CORPORATION, | : |
| Defendant. | : |

**ALBEMARLE CORPORATION'S MEMORANDUM OF LAW
IN OPPOSITION TO OLIN CORPORATION'S RULE 12(e) MOTION
FOR A MORE DEFINITE STATEMENT OR,
IN THE ALTERNATIVE, FOR RECONSIDERATION**

**TABLE OF CONTENTS**

I.  INTRODUCTION ...........................................................................................................1

II. ARGUMENT..................................................................................................................2

    A.    Olin's motion for a more definite statement under Rule 12(e), following its unsuccessful motion to dismiss under Rule 12(b)(6), is barred by Rule 12(g)(2)'s prohibition of serial Rule 12 motions.............................................2

    B.    Olin's motion for a more definite statement fails on the merits because Olin cannot show that any part of Albemarle's complaint is so unintelligible, vague, or ambiguous that Olin cannot respond to it .........................4

    C.    Olin's motion for reconsideration merely expresses disagreement with the Court's denial of Olin's Rule 12(b)(6) motion to dismiss and falls far short of demonstrating a "manifest injustice" .....................................................9

III. CONCLUSION..............................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Appalachian Power Co. v. Kyle*, Civ. No. 3:14-12051,
    2015 WL 418145 (S.D. W.Va. Jan. 30, 2015)......................................................................2

*Bad Co., Inc. v. Expeditors Int'l of Wash., Inc.*, No. 4:17-cv-1,
    2017 WL 1969479 (E.D. Va. May 4, 2017) ......................................................................7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)....................................................................9

*Broussard v. Go-Devil Mfg. Co. of La., Inc.*, Civ. No. 08-124,
    2008 WL 2414845 (M.D. La. June 13, 2008)....................................................................8

*Chao v. Rivendell Woods, Inc.*, 415 F.3d 342 (4th Cir. 2005)..........................................................6

*Dodge v. CDW Gov't, Inc.*, No. 1:09-cv-528,
    2009 WL 1605010 (E.D. Va. June 5, 2009) ..................................................................3, 9

*E.I. du Pont de Nemours & Co. v. Kolon Inds., Inc.*, 637 F.3d 435 (4th Cir. 2011)..................6 n.1

*Estate of Fisher v. City of Annapolis*, Civ. No. CCB-21-1074,
    2022 WL 2286499 (D. Md. May 10, 2022).......................................................................2

*Exal Corp. v. Roeslein & Assoc., Inc.*, No. 4:12-cv-01830,
    2012 WL 4754748 (N.D. Ohio Oct. 2, 2012) ....................................................................7

*Flaum v. Gloucester Lanes, Inc.*, 299 F.R.D. 120 (E.D. Va. 2014).............................................4, 6

*Flores v. Ethicon, Inc.*, 563 F. App'x 266 (4th Cir. 2014) ..............................................................9

*Frederick v. Koziol*, 727 F. Supp. 1019 (E.D. Va. 1990) .................................................................4

*Hodgson v. Virginia Baptist Hosp., Inc.*, 482 F.2d 821 (4th Cir. 1973) ......................................4, 6

*Khair v. Countrywide Home Loans, Inc.*, No. 1:10-cv-410,
    2010 WL 2486430 (E.D. Va. June 14, 2010) ....................................................................4

*Matter of Vulcan Constr. Materials, LLC*, 433 F. Supp. 3d 816 (E.D. Va. 2019).........................10

*Parker v. Federal Express Corp.*, No. 09-15063,
    2010 WL 2510984 (E.D. Mich. June 17, 2010)............................................................ 7-8

## TABLE OF AUTHORITIES (continued)

**Rules**

Fed. R. Civ. P. 8 .................................................................................................................4

Fed. R. Civ. P. 8(a) ............................................................................................................7

Fed. R. Civ. P. 8(b) ........................................................................................................ 8-9

Fed. R. Civ. P. 9(b) ............................................................................................................7

Fed. R. Civ. P. 12(a)(4)(A) ................................................................................................1

Fed R. Civ. P. 12(b)(6) ................................................................................ 1, 2-3, 7-8, 9-10

Fed. R. Civ. P. 12(e) ................................................................................... 1, 2-3, 4-9, 10

Fed. R. Civ. P. 12(g)(2) ................................................................................... 1, 2-3, 10

Fed. R. Civ. P. 12(h) .........................................................................................................3

Fed. R. Civ. P. 54(b) ................................................................................................. 9-10

I.      INTRODUCTION

The Court denied Olin's Rule 12(b)(6) motion to dismiss by Order dated June 21, 2023, docketed on June 27th. (Doc. 19.) Seemingly unable to accept that decision, Olin elected not to answer Albemarle's complaint by the resulting July 11th deadline and instead filed an unauthorized second motion under Rule 12. Although Olin is now in default under Rule 12(a)(4)(A) for failure to file a timely answer, Albemarle assumes that the Court would prefer to adjudicate this case on the merits. To that end, Albemarle respectfully submits that nothing in Olin's present motion sets forth a basis for the Court to revisit its prior decision. The motion repeats the same arguments Olin already made in its prior Rule 12 motion, and it appears to be an attempt to persuade the Court to order the filing of a slightly amended complaint, presumably so that Olin can respond with another Rule 12 motion to dismiss. Olin also criticizes the Court for denying its motion to dismiss without a written opinion, complaining that the Court "left Olin in a position of not knowing" the Court's views about the substance of the case. (Doc. 21 at ECF p.4.) It is unclear why Olin believes the Court has an obligation to write an opinion to provide guidance to Olin in answering the complaint.

With respect to the merits of Olin's motion, foremost, Olin's demand for a more definite statement under Rule 12(e) is an improper serial Rule 12 motion that is expressly prohibited by Rule 12(g)(2)—a fatal defect that Olin does not even acknowledge, let alone address, up front. Nor does the motion satisfy the substantive requirements of Rule 12(e), since Olin cannot show that there are any allegations in Albemarle's complaint to which Olin is truly incapable of responding. Finally, Olin's request for alternative relief does not meet the criteria for reconsideration of an interlocutory order in this Circuit, as Olin merely disagrees with the correctness of the Court's prior decision. Taken as a whole, Olin's new motion impermissibly attempts to relitigate its failed Rule 12(b)(6) motion, and it should therefore be denied.

## II.     ARGUMENT

### A. Olin's motion for a more definite statement under Rule 12(e), following its unsuccessful motion to dismiss under Rule 12(b)(6), is barred by Rule 12(g)(2)'s prohibition of serial Rule 12 motions

There is a threshold issue, fatal to Olin's motion, that Olin should have addressed in its opening brief. Rule 12(g)(2) states, "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." The Advisory Committee Notes to the 1966 amendment state, "Subdivision (g) has forbidden a defendant who makes a preanswer motion under this rule from making a further motion presenting any defense or objection which was available to him at the time he made the first motion and which he could have included, but did not in fact include therein. … This required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case." Olin already filed a motion under Rule 12(b)(6), so by its plain terms, Rule 12(g)(2) precludes Olin's second Rule 12 motion.

District courts in this Circuit that have considered the precise question raised by Olin's motion have held that a defendant is not permitted to file a motion for a more definite statement under Rule 12(e) after losing a motion to dismiss under Rule 12(b)(6). *Estate of Fisher v. City of Annapolis*, Civ. No. CCB-21-1074, 2022 WL 2286499, at *1 (D. Md. May 10, 2022); *Appalachian Power Co. v. Kyle*, Civ. No. 3:14-12051, 2015 WL 418145, at *4 (S.D. W.Va. Jan. 30, 2015). Like the defendants in both *Estate of Fisher* and *Appalachian Power Company*, Olin first filed a Rule 12(b)(6) motion attacking the legal sufficiency of the allegations in the complaint, and only filed its motion for a more definite statement after the motion to dismiss was denied. But as those district courts found, Rule 12 requires a defendant like Olin to consolidate those arguments into a single motion.

Nor can Olin credibly argue that its Rule 12(e) motion was unavailable when it filed its prior Rule 12(b)(6) motion. Olin's Rule 12(e) motion, like its Rule 12(b)(6) motion, attacks the allegations of Albemarle's complaint. But the complaint has not changed. If any part of the complaint is so unintelligible or ambiguous as to justify an order for a more definite statement now, then that was also true when Olin filed its first Rule 12 motion. Olin will presumably argue that Albemarle's brief in opposition to Olin's motion to dismiss somehow brought to light an incoherence or ambiguity in the complaint that was not previously apparent. But Albemarle is not aware of any authority for the proposition that a court may look outside the four corners of the complaint to determine whether a plaintiff should be ordered to file a more definite statement—and as noted below, Albemarle's arguments in opposition to Olin's motion to dismiss were fully consistent with the allegations of its complaint. Therefore, the only proper procedure was for Olin to file a single, timely motion to dismiss for failure to state a claim or, in the alternative, for a more definite statement. *See, e.g.*, *Dodge v. CDW Gov't, Inc.*, No. 1:09-cv-528, 2009 WL 1605010 (E.D. Va. June 5, 2009) (defendant filed motion to dismiss pursuant to Rule 12(b)(6) and, in the alternative, for a more definite statement pursuant to Rule 12(e)). But when Olin filed its first Rule 12 motion on May 26th, it elected not to raise an objection under Rule 12(e) that was equally available to it then. Therefore, it cannot do so now.

Finally, the express exceptions to Rule 12(g)(2) do not apply here. Rule 12(h)(2) provides that failure to state a claim upon which relief can be granted, failure to join a person required by Rule 19(b), or failure to state a legal defense to claim may be raised in a responsive pleading, in a motion for judgment on the pleadings under Rule 12(c), or at trial. Rule 12(h)(3) specifies that lack of subject matter jurisdiction may be raised at any time. Olin's motion for a more definite

3

statement does not fall within any of those limited exceptions, so it is procedurally barred and should be denied on that basis alone.

  **B. Olin's motion for a more definite statement fails on the merits because Olin cannot show that any part of Albemarle's complaint is so unintelligible, vague, or ambiguous that Olin cannot respond to it**

  Rule 12(e) authorizes a party's motion for a more definite statement of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response." But such motions are "not favored." *Flaum v. Gloucester Lanes, Inc.*, 299 F.R.D. 120, 122 (E.D. Va. 2014) (citing *Khair v. Countrywide Home Loans, Inc.*, No. 1:10-cv-410, 2010 WL 2486430, at *2 (E.D. Va. June 14, 2010)); *Frederick v. Koziol*, 727 F. Supp. 1019, 1020 (E.D. Va. 1990). This is so because of the "liberal notice-pleading" standard under Rule 8, which requires only "a short and plain statement of the claim." *Frederick*, 727 F. Supp. at 1020. A motion for a more definite statement is "designed to strike at unintelligibility rather than simple want of detail"—it "is not a substitute for the discovery process, and where the information sought by the movant is available or properly sought through discovery, the motion should be denied." *Id*. at 1020-21 (citations omitted). As the Fourth Circuit has held,

> [W]hen the complaint conforms to Rule 8(a) and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer, the district court should deny a motion for a more definite statement and require the defendant to bring the case to issue by filing a response within the time provided by the rules. Prompt resort to discovery provides adequate means for ascertaining the facts without delay in maturing the case for trial.

*Hodgson v. Virginia Baptist Hosp., Inc.*, 482 F.2d 821, 824 (4th Cir. 1973) (vacating district court order requiring plaintiff to amend complaint to provide a more definite statement).

  Olin's motion fails to identify any specific allegation in Albemarle's complaint that is so unintelligible, vague, or ambiguous that Olin cannot reasonably respond to it. Instead, Olin largely rehashes the substance of its motion to dismiss by arguing that the factual allegations in

4

Albemarle's complaint do not match up neatly with Olin's notions of what Albemarle should have pled and that there is a supposed "disconnect" between the allegations of Albemarle's complaint and Albemarle's opposition to Olin's motion to dismiss. In other words, even if Olin's characterizations were correct, Olin has not really even attempted to show that it *cannot* reasonably respond to any particular allegation in the complaint. Instead, Olin continues to argue that Albemarle has not, in Olin's view, made the *right* allegations. But the Court has already ruled on that issue, and the time for such arguments has passed.

    Olin's characterizations of the complaint are also inaccurate. For example, Olin repeatedly represents to the Court that "there are no exclusive contracts identified in the Complaint." (Doc. 21 at ECF pp. 4, 6.) On the contrary, however, Albemarle alleges that under its own contract with Olin, "Albemarle was obligated to buy all of its chlorine requirements from Olin." (Complaint, ¶ 66.) Albemarle also points to Olin's own public proclamation that within a short period of time, it had entered into new supply contracts that "**baked in or locked in** a lift in chlorine prices for this year over last year of at least $100 million"—clear language of exclusivity. (*Id.*, ¶ 76 (emphasis added).) More generally, Albemarle has pled that "almost all available production" of chlorine "is pre-committed to buyers under long-term supply contracts." (*Id.*, ¶ 28.) As Albemarle pointed out in opposition to Olin's motion to dismiss, it was reasonable for the Court to infer from these allegations and from the complaint as a whole that in the relevant market for chlorine, Olin uses exclusive supply contracts—like its contract with Albemarle—to govern its relations with chlorine buyers. While it is true that Albemarle did not mechanically recite the word "exclusive" in connection with every mention of supply contracts in its complaint, nothing in the rules of pleading required Albemarle to conform to Olin's

insistence on the use of certain magic words or formulas to state a plausible claim or to frame a complaint that Olin must answer.

Olin's arguments also run afoul of the principle that a "complaint does not need to 'make a case' against a defendant or '*forecast* evidence sufficient to *prove* an element,'" as opposed to being "detailed and informative enough to enable the defendant to respond." *Flaum*, 299 F.R.D. at 122 (emphasis in original) (citing *Hodgson*, 482 F.2d at 824, and *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 349 (4th Cir. 2005)). Olin contends that Albemarle should have to specifically allege in its complaint every exclusive supply contract that Olin is party to (Doc. 21 at ECF p. 6), specifically allege which market or submarket every single assertion in the complaint relates to (*id.* at ECF p. 7), and specifically identify every competitor or potential competitor of Olin that has been excluded from the relevant market by Olin's conduct (*id.* at ECF pp. 7-8). Even if all of that detailed factual information were available to Albemarle without discovery—and much of it clearly is not—the cases cited above make it clear that Albemarle would not be required to plead it as a prerequisite to Olin's obligation to answer.[1]

Relatedly, Olin is demanding that Albemarle file a more definite statement as to topics on which *Olin* controls the relevant information—or at least has far more information than Albemarle possibly could. It is Olin that possesses the relevant information about the exclusivity and scope of its own chlorine supply contracts with other buyers. It is Olin that has the information needed to assess the parameters of its publicly declared monopoly power over pricing in the relevant market. It is Olin that possesses at least some of the data most pertinent to

---

[1] *Cf. E.I. du Pont de Nemours & Co. v. Kolon Inds., Inc.*, 637 F.3d 435, 452 n.12 (4th Cir. 2011) (for purposes of Rule 12(b)(6), plaintiff does not have to allege with specificity the magnitude of exclusive contracts' effect on competition since plaintiff will not typically have that information until after discovery).

6

evaluating whether the relevant market as alleged by Albemarle is the correct market for purposes of this case. All of these areas of factual inquiry will be subject to discovery by Albemarle, and an order requiring Albemarle to file an amended complaint that expressly pleads all such evidence at the level of detail now demanded by Olin would not only be inconsistent with Rule 8(a)—it would set a standard with which Albemarle could not possibly comply without the benefit of discovery.

Finally, all four of the cases Olin relies on to support its request for a more definite statement (three of which are from outside this Circuit) are readily distinguishable.

- In *Bad Company, Inc. v. Expeditors International of Washington, Inc.*, No. 4:17-cv-1, 2017 WL 1969479 (E.D. Va. May 4, 2017), the plaintiff filed a warrant in debt in Virginia state court, and the defendant first removed the case to federal court and then filed a motion for a more definite statement. The court granted the motion because the warrant in debt merely stated "Contract and Unjust Enrichment" and "did not plead any other facts or law," and therefore did not comply with Rule 8(a). *Id*. at *1, 4. Albemarle's complaint pleads copious material facts and is fully compliant with Rule 8(a).

- In *Exal Corporation v. Roeslein & Associates, Inc.*, No. 4:12-cv-01830, 2012 WL 4754748 (N.D. Ohio Oct. 2, 2012), the court ordered a more definite statement only as to the plaintiff's fraud claim, and it did so because of the heightened pleading standard specific to fraud claims under Rule 9(b). *Id*. at *4. Albemarle's complaint does not include any claim that is subject to Rule 9(b).

- In *Parker v. Federal Express Corp.*, No. 09-15063, 2010 WL 2510984 (E.D. Mich. June 17, 2010), the defendant moved to dismiss under Rule 12(b)(6) or in

7

the alternative for a more definite statement under Rule 12(e). The court appears to have used Rule 12(e) to accomplish the same result that would normally be accomplished by granting the 12(b)(6) motion with leave to amend, since it based its order for a more definite statement on its finding that "Parker's current … cause of action falls below the standard required for pleading an effective cause of action" and "Parker's Complaint fails to bring forth any facts which would support such a cause of action." *Id*. at *3, 5. Here, the Court has already analyzed Albemarle's complaint under Rule 12(b)(6) and decided that it states a claim upon which relief may be granted. (Doc. 19.)

- In *Broussard v. Go-Devil Manufacturing Co. of La., Inc.*, Civ. No. 08-124, 2008 WL 2414845 (M.D. La. June 13, 2008), a patent infringement case, the complaint failed to specify which patent claims were allegedly being infringed and which products were allegedly infringing them, so the court ordered a more definite statement to supply that basic information. *Id*. at *1. Albemarle is not bringing claims of patent infringement or any other claim with an analogous structure, and its complaint does not omit any similarly crucial identifying information that Olin would need in order to understand the nature of Albemarle's claims or to frame a responsive pleading.

In summary, Olin's motion for a more definite statement misses the mark because it fails to show that there is any allegation in Albemarle's complaint to which Olin cannot reasonably respond. As to each of Albemarle's allegations, there is nothing to prevent Olin from admitting, denying, or admitting in part and denying in part, consistent with Rule 8(b)(1)-(4). And to the extent there is some allegation to which Olin cannot make any of those responses because it

8

genuinely would need additional information to do so, Olin is free to respond pursuant to Rule 8(b)(5) that it lacks knowledge or information sufficient to form a belief about the truth of that allegation, which will amount to a denial. *See, e.g.*, *Dodge*, 2009 WL 1605010, at *5 ("Plaintiff's Complaint is sufficient to state a clam under Rule 8 … and the Court does not find Plaintiff's Complaint 'impermissibly vague.' Plaintiff's Complaint therefore is sufficient to allow Defendant to respond. To the extent that Defendant lacks information sufficient to form a belief as to the truth of an allegation, it may state so pursuant to Fed. R. Civ. P. 8(b)(5)."). Consequently, Olin's motion for a more definite statement should be denied.

> C. **Olin's motion for reconsideration merely expresses disagreement with the Court's denial of Olin's Rule 12(b)(6) motion to dismiss and falls far short of demonstrating a "manifest injustice"**

The only basis advanced by Olin for reconsideration of the Court's order denying Olin's motion to dismiss is that it would be a "manifest injustice" for Olin to have to answer the complaint and proceed with this case. (Doc. 21 at ECF pp. 9-10.) But a conclusory assertion of "manifest injustice" is insufficient to justify reconsideration. *Flores v. Ethicon, Inc.*, 563 F. App'x 266, 271 (4th Cir. 2014). And although Olin attempts to tie the concept of "manifest injustice" to the Supreme Court's discussion of the potential for expensive discovery in antitrust litigation in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), *Twombly* had nothing whatsoever to do with reconsideration or with manifest injustice. Olin's argument also overreaches, because if the mere prospect of substantial discovery posed a sufficient threat of "manifest injustice" to justify a motion for reconsideration, then a defendant would always be entitled to seek reconsideration of any order denying a motion to dismiss in an antitrust or other complex case. It seems clear that is not the law, and Olin cites no authority for the proposition that the possibility of incurring litigation expenses can be deemed a "manifest injustice."

9

Every aspect of Olin's motion—from its repetition of many of the same arguments it presented in its Rule 12(b)(6) motion to dismiss, to its grumbling about the Court's denial of that motion without a written opinion, to its assertion that if the Court "just takes another look at Albemarle's allegations" (Doc. 21 at ECF p. 9) it will surely see the light—demonstrates that Olin simply disagrees with the Court's prior ruling. And that disagreement appears to be the sole true basis of its request for reconsideration. Since "mere disagreement with a court's application of the law" cannot support a motion for reconsideration under Rule 54(b), Olin's request for reconsideration should also be denied. *Matter of Vulcan Constr. Materials, LLC*, 433 F. Supp. 3d 816, 820 (E.D. Va. 2019).

### III. CONCLUSION

As a procedural matter, Olin's second Rule 12 motion is foreclosed by Rule 12(g)(2). Substantively, Olin has not satisfied the criteria of a motion for a more definite statement under Rule 12(e) or a motion for reconsideration under Rule 54(b). There is no reason for the Court to revisit its correct denial of Olin's Rule 12(b)(6) motion to dismiss. Therefore, Olin should answer Albemarle's complaint without further delay, and Albemarle takes the liberty of submitting for the Court's consideration a proposed order requiring Olin to do so within 14 days after the Court disposes of Olin's motion.

Dated: July 21, 2023                              Respectfully submitted,

                                                  /s/ *William T. DeVinney*
                                                  William T. DeVinney (VSB 94032)
                                                  BRIGLIA HUNDLEY, PC
                                                  1921 Gallows Road
                                                  Suite 750
                                                  Tysons Corner, Virginia 22182
                                                  Tel: (703) 924-8076
                                                  Fax: (703) 883-0899
                                                  wdevinney@brigliahundley.com

Jeffry W. Duffy (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
1735 Market Street
Suite 3300
Philadelphia, Pennsylvania 19103
Tel: (215) 564-2916
Fax: (215) 568-3439
jduffy@bakerlaw.com

*Attorneys for Plaintiff*
*Albemarle Corporation*

11

## CERTIFICATE OF SERVICE

I certify that on July 21, 2023, I caused Albemarle Corporation's Memorandum of Law in Opposition to Olin Corporation's Rule 12(e) Motion for a More Definite Statement or, in the Alternative, for Reconsideration to be served via the Court's electronic filing system on the following:

> Corey W. Roush, Esq.
> Robert G. Lian, Jr., Esq.
> J. Matthew Schmitten, Esq.
> Akin Gump Strauss Hauer & Feld LLP
> 2001 K. Street, N.W.
> Washington, DC 20006-1037

> /s/ *William T. DeVinney*
> William T. DeVinney (VSB 94032)