IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALBEMARLE CORPORATION, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 1:23-cv-600 |
| OLIN CORPORATION, | : |
| Defendant. | : |

**[PROPOSED] PROTECTIVE ORDER**

Upon consideration of the parties' Joint Motion for Protective Order, it is hereby ORDERED as follows pursuant to Federal Rule of Civil Procedure 26(c):

1. Good cause exists for the entry of this Protective Order. Discovery in this matter (the "Action") is likely to involve the production of information that merits protection from public disclosure, including trade secrets, proprietary commercial information, and other competitively sensitive information.

2. Either party to this Action shall have the right under this Protective Order to designate as "Confidential" any document, discovery response, or testimony, or any portion of a document, discovery response, or testimony, being produced or served by the designating party that contains (a) trade secrets, (b) competitively sensitive technical, marketing, financial, sales, customer, or other confidential business information that is not publicly known and is maintained by the designating party in confidence, (c) private or confidential personal information such as home addresses, private telephone numbers or e-mail addresses, Social Security numbers, or

personal medical information, or (d) information received in confidence from third parties, where the designating party has a duty to maintain that confidence.

3. Either party to this Action shall have the right under this Protective Order to designate as "Highly Confidential – Attorneys' Eyes Only" ("AEO") any document, discovery response, or testimony, or any portion of a document, discovery response, or testimony, being produced or served by the designating party that contains information (a) that would qualify for designation as Confidential under the preceding paragraph and (b) the disclosure of which to the receiving party is likely to cause significant harm to the producing party. By way of example and not of limitation, confidential business information that the receiving party could use to obtain a competitive advantage over the producing party or over a non-party may qualify for AEO designation under this Protective Order, as may confidential business information of a non-party which the producing party has a contractual or other legal or equitable obligation to maintain in confidence.

4. Any non-party that produces information in this Action shall have the same right to designate such information Confidential or AEO as if it were a party to the Action. Any reference in this Protective Order to a "party" shall be deemed to include a producing non-party to the extent necessary to give effect to this provision. A party that serves a subpoena on a non-party in this Action shall provide the non-party notice of the terms of this Protective Order by including a copy of the Protective Order as an exhibit to the subpoena.

5. Confidential or AEO information does not include, and this Protective Order shall not apply to, information that is already in the knowledge or possession of a receiving party (unless that receiving party is already bound by an agreement not to disclose such information), that becomes available to a receiving party from a source other than the designating party, that

has been disclosed to the public or is otherwise in the public domain, or that has been disclosed to third persons in a manner not reasonably calculated to preserve its confidentiality.

6. To effectuate a Confidential or AEO designation of a document or discovery response under this Protective Order, a party shall mark the document or discovery response "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" at the time of its initial production or service.

7. To effectuate a Confidential or AEO designation of deposition testimony under this Protective Order, a party shall have until ten (10) business days after its initial receipt of the final deposition transcript from the court reporting service within which to inform all other parties that portions of the transcript are to be designated Confidential or AEO. During those ten (10) business days, no deposition testimony shall be disclosed to any person other than the deponent and those persons authorized by this Protective Order to receive AEO information. Upon being informed that certain portions of deposition testimony are designated Confidential or AEO, each party shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and shall thereafter limit disclosure of the designated testimony in accordance with this Protective Order.

8. Information designated as Confidential or AEO under this Protective Order shall be used by the receiving party solely for purposes of the prosecution or defense of litigation between the parties to this Action, shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving party to any person other than the persons authorized by this Protective Order to receive

Confidential or AEO information, unless and until the Confidential or AEO designation is removed by written agreement of the parties or their counsel or by order of the Court.

      9.      Information designated as Confidential under this Protective Order may be disclosed only to the following persons under the following conditions:

      a.      The parties.

      b.      The parties' outside counsel.

      c.      Outside experts or consultants retained by the parties or their counsel, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A.

      d.      Paralegal, litigation support, information technology, secretarial, and clerical employees of counsel of record or outside experts or consultants retained by the parties or their counsel.

      e.      Vendors retained by or for a party to assist in preparing for or conducting pretrial discovery, trial, or hearings, including but not limited to court reporters, litigation support personnel, e-discovery vendors, or jury consultants, as well as their staff members or clerical employees whose duties and responsibilities reasonably require access to the Confidential information.

      f.      A court and court personnel.

      g.      A deponent, provided that the deponent appears to have been the author or a recipient of the Confidential information, was involved in the subject matter of the Confidential information, or was or is employed by the designating party, or if the designating party consents in writing or on the record.

10. Information designated as AEO under this Protective Order may be disclosed only to the following persons under the following conditions:

 a. The parties' outside counsel.

 b. Outside experts or consultants retained by the parties or their counsel, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A.

 c. Paralegal, litigation support, information technology, secretarial, and clerical employees of counsel of record or outside experts or consultants retained by the parties or their counsel.

 d. Vendors retained by or for a party to assist in preparing for or conducting pretrial discovery, trial, or hearings, including but not limited to court reporters, litigation support personnel, e-discovery vendors, or jury consultants, as well as their staff members or clerical employees whose duties and responsibilities reasonably require access to the AEO information.

 e. A court and court personnel;

 f. A deponent, provided that the deponent appears to have been the author or recipient of the AEO information or was or is employed by the designating party, or if the designating party consents in writing or on the record.

11. A party that believes in good faith that it has a legitimate basis to object to another party's designation of information as Confidential or AEO may make such objection within seven (7) business days after receiving notice of the designation by serving a written notice of objection. The written notice must state that the receiving party objects to the designation of

particular documents or information, identified by Bates number wherever reasonably possible, and must set forth in summary form the basis for the objection(s). The parties shall meet and confer in an effort to resolve the disagreement within five (5) business days after service of the date of the objecting party's notice.

12. If, after meeting and conferring, the parties are unable to resolve a disagreement concerning a Confidential or AEO designation, the designating party shall, within three (3) business days after the parties have met and conferred, submit the dispute to the Court for resolution in accordance with the Court's rules and procedures applicable to discovery disputes. If the designating party fails to do so, the receiving party may do so instead. The burden of showing good cause for a Confidential or AEO designation shall remain at all times with the designating party. The disputed Confidential or AEO designation shall remain in effect until the Court resolves the dispute or the parties reach an agreement.

13. Any party that files another party's Confidential or AEO information in connection with any pretrial motion or other pretrial event shall seek leave of Court to file the Confidential or AEO information under seal. If the filing party fails to do so, the designating party may request that the Court place the Confidential or AEO information under seal.

14. To the extent consistent with applicable law, a party's inadvertent failure to designate as Confidential or AEO information that is within the scope of paragraph 2 or 3 of this Protective Order shall not be deemed a waiver, in whole or in part, of the party's claim to confidentiality, either as to the specific information disclosed or as to any other information concerning the same or a related subject matter. Inadvertent failure to designate may be rectified by notifying counsel for the receiving party that particular information should have been designated Confidential or AEO under this Protective Order. Such notification must be made in

writing within a reasonable time after the inadvertent disclosure. Such notice shall constitute a designation of the information as Confidential or AEO under this Protective Order; provided, however, that it shall be the responsibility of the designating party to furnish the receiving party, simultaneously with the written notice, with appropriately marked replacement versions of information or documents affected by the Confidential or AEO designation. Upon receipt of such replacement versions of the designated documents or information, counsel for the receiving party shall make reasonable efforts to procure the return or deletion of the original versions from any person to whom they were disseminated, and shall destroy, delete, or return to counsel for the producing party all such retrieved copies.

15. This Protective Order sets forth the exclusive means available in this Action to protect information that is neither privileged nor subject to protection under Federal Rule of Civil Procedure 26(b)(3). A party may not redact information from a document produced in discovery except on the basis of the attorney-client privilege, another recognized privilege, or Rule 26(b)(3).

16. The parties have agreed to, and the Court hereby orders, the following terms in the interests of expediting the production of documents. Pursuant to Federal Rule of Evidence 502(d) and (e), no production of documents by a party under Federal Rule of Civil Procedure 34, or by a non-party under Federal Rule of Civil Procedure 45, shall constitute waiver of either the attorney-client privilege or work product protection. These protections apply without regard to the degree of care taken by the producing party in (a) preventing disclosure, it being expressly recognized that the producing party shall have no obligation to engage in any pre-production review of documents to identify information subject to the attorney-client privilege or work product protection ("Privileged Materials") or (b) rectifying disclosure, it being further expressly

recognized that the producing party shall have no obligation to engage in post-production review to determine whether it has produced any Privileged Materials. Accordingly, the provisions of Federal Rule of Evidence 502(b) shall not apply. The parties reserve the right to challenge any assertion by a producing party of attorney-client privilege or work product protection with respect to any document or information.

17. If a producing party believes in good faith that it has produced Privileged Materials, that party may service written notice on the receiving party that particular documents or information may be subject to the attorney-client privilege or work product protection. Any such notice shall include information sufficient to meet the requirements of Federal Rule of Civil Procedure 26(b)(5)(A), including identifying the document or information subject to the claim, the date, the author, any recipients, the nature of the privilege or protection being asserted, and the basis for the claim of privilege or protection. Upon receipt of the written notice, the receiving party shall immediately cease any further review or use of the claimed Privileged Materials, including any work product that relies upon or summarizes the claimed Privileged Materials. Within five (5) business days of receiving written notice from the producing party, the receiving party shall (a) return or destroy all claimed Privileged Materials subject to the notice and all copies thereof and (b) confirm in writing to the producing party that all claimed Privileged Materials subject to the notice and all copies thereof have been returned or destroyed. Return or destruction of the claimed Privileged Materials in response to a written notice shall not constitute or be deemed an admission that the returned or destroyed materials are properly subject to a claim of privilege or protection.

18. If a receiving party discovers that a producing party has produced documents or information that reasonably appear to be Privileged Materials, the receiving party shall

immediately (a) cease any further review or use of the potential Privileged Materials, including any work product that relies upon or summarizes the potential Privileged Materials and (b) serve a written notice of the apparent disclosure on the producing party in a manner sufficient to identify the particular documents or information at issue. Within three (3) business days after service of such a notice by the receiving party, the producing party may utilize the procedure set forth in the preceding paragraph of this Protective Order. The producing party's failure to do so shall constitute a waiver of any applicable privilege or protection with respect to the documents or information identified in the receiving party's written notice.

19. Within seven (7) business days after receiving written notice that a producing party may have produced Privileged Materials, the receiving party may serve a written notice of objection on the producing party. Disputing the privileged or protected status of any documents or information does not alter the receiving party's obligation to immediately cease review of or reliance upon such documents or information or to return or destroy any copies of such documents or information. The parties shall meet and confer in an effort to resolve the disagreement within five (5) business days of the date of the objecting party's notice.

20. If, after meeting and conferring, the parties are unable to resolve a disagreement concerning a claim of Privileged Materials, the producing party shall, within three (3) business days after the parties have met and conferred, submit the dispute to the Court for resolution in accordance with the Court's rules and procedures applicable to discovery disputes. If the producing party fails to do so, the receiving party may do so instead. The burden of establishing the applicability of a privilege or work product protection shall remain at all times with the proponent of the privilege or protection.

21. If a producing party serves a notice that it has produced Privileged Materials less than one week before the taking of a deposition at which the receiving party intends to use any of the claimed Privileged Materials, or if a producing party gives verbal notice during a deposition that it has produced Privileged Materials that are being or are about to be used at the deposition, the parties shall meet and confer at the earliest practicable opportunity to determine appropriate steps under the circumstances. In the event a claim of privilege or protection is withdrawn or overruled too late for the claimed Privileged Materials to be used during the deposition as originally noticed, and to the extent the parties cannot agree on a remedy, either party may ask the Court to determine the appropriate remedy, including whether and to what extent the deposition may be reopened or the time limit for the deposition may be extended.

22. If an expert report or expert testimony propounded by a party uses information that another party identifies as Privileged Materials after service of the expert's report or taking of the expert's testimony, then the propounding party shall, subject to the dispute resolution procedures in this Protective Order governing Privileged Materials, remove any reference to the Privileged Materials from the expert's report or testimony and shall be permitted to substitute other documents or information for the Privileged Materials and to offer an amended or supplemental expert report or additional expert testimony as reasonably necessary to prevent prejudice to propounding party. Neither the expert's report nor the expert's testimony shall be stricken in whole on the ground that the report or testimony previously relied on Privileged Materials. In the event that an expert's report or testimony relies on information ultimately determined by the Court to constitute Privileged Materials, the parties shall meet and confer to agree upon a schedule to be proposed to the Court to allow the propounding party to modify or supplement the report or testimony within a reasonable time.

23.     This Protective Order is being entered without prejudice to the right of any party to move the Court for modification of or relief from any of its terms upon an appropriate showing.

24.     This Protective Order shall survive the termination of this Action and shall remain in full force and effect unless modified by a further Order of the Court or by a written stipulation of the parties filed with and approved by the Court.

25.     Upon the final conclusion of this Action, including any appeals and any proceedings on remand, each party or person subject to this Protective Order shall return or destroy all copies of documents or information designated Confidential or AEO by another party and, upon request by the producing party, shall destroy all copies of attorney work product that contain or summarize the producing party's Confidential or AEO information; provided, however, that counsel of record may, subject to the other provisions of this Protective Order, retain for archival purposes complete copies of all filings docketed with the Court, including any exhibits attached thereto, all deposition, hearing, or trial transcripts, and all documents or information introduced into evidence in litigation between the parties. In the event that the information systems of a receiving party or counsel of record do not allow for the complete removal of electronically stored materials that are otherwise to be returned or destroyed, the receiving party or counsel of record shall take reasonable steps to completely restrict or prohibit access to such materials.

_____

Alexandria, Virginia
_____, 2023

**EXHIBIT A TO PROTECTIVE ORDER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

_____

| | | |
|---|---|---|
| ALBEMARLE CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 1:23-cv-600 |
| | : | |
| OLIN CORPORATION, | : | |
| | : | |
| Defendant. | : | |

_____

I, _____, state that:

1. My address is _____.

2. My present occupation is _____.

3. My present employer is _____, and the address of my present place of employment is _____.

4. I have been retained by _____, [plaintiff/defendant] in the above-captioned action.

5. I have carefully read and understood the provisions of the Protective Order in the above-captioned action, and I understand and acknowledge that I am obligated to comply with all provisions of the Protective Order.

6. I will hold in confidence, and will not disclose to anyone not authorized under the Protective Order, any Confidential or Highly Confidential – Attorneys' Eyes Only ("AEO") information, including summaries or descriptions of Confidential or AEO information.

7. I will use Confidential or AEO information solely for purposes of the above-captioned action and will not use Confidential or AEO information for any other purpose.

8. When I am notified of the final conclusion of this action by counsel of record for the party who retained me, I will promptly return all Confidential and AEO information, including summaries or descriptions of Confidential or AEO information or work product making use of Confidential or AEO information, to that counsel, and I will destroy all

2

       Confidential and AEO information, including summaries or descriptions of Confidential or AEO information or work product making use of Confidential or AEO information, that is not capable of being returned to counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____  Signature: _____